UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



| | |
|---|---|
| DONNA CATES | CIVIL ACTION |
| VERSUS | NO. 07- 699- JJB |
| DILLARD DEPARTMENT STORES, INC., ET AL | |

### RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a motion (doc. 30) by defendant ("Dillard") for summary judgment. Plaintiff ("Ms. Cates") has filed an opposition. Dillard has filed a reply brief. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. §1332. This matter was submitted following oral argument held on October 28, 2009.

Plaintiff brings this action against Dillard and its insurer, ABC Insurance Company, claiming that Dillard violated La. R.S. 9:2800.6. Ms. Cates alleges that Dillard created a hazard that presented an unreasonable risk of harm, that Dillard had actual or constructive knowledge of the hazard, and that Dillard failed to exercise reasonable care that allegedly caused Ms. Cates's injuries. Ms. Cates claims that she suffered severe physical injuries as well as mental and emotional distress as a result of the fall.

1

## Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case.[2] When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case.[3]

Although this court considers the evidence in the light most favorable to the non-movant, the non-movant may not merely rest on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial.[4] Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden.[5]

---

[1] Fed. Rule Civ. P. 56(c).

[2] Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

[3] Id.

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

[5] Grimes v. Dep't of Mental Health, 102 F.3d 137, 139-40 (5th Cir. 1996).

## Undisputed Facts

It is undisputed that on December 22, 2006, Ms. Cates and her mother were shopping at the Cortana Mall location of Dillards Department Store in Baton Rouge. While they were walking towards the exit into the mall, Ms. Cates fell, landing on a "wet floor" sign. The fall was witnessed by Ms. Cates's mother, who was standing right next to her, and David Duvic, another customer in the store.

## Defendant's Argument

Dillard moves for summary judgment on the grounds that plaintiff lacks any evidence to support her claim under La. R.S. 9:2800.6 [6], which imparts on a

---

[6] La. R.S. 9:2800.6 provides in relevant part that:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing on or on a merchant's premises, the claimant shall have the burden of proving, in addition to all the other elements of his cause of action, that:
>
> (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:

storekeeper the duty to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.

Dillards argues that plaintiff has no evidence to show that there was a foreign substance on the floor that caused her to fall. In her deposition, plaintiff admits that the floor was not wet. Defendant further argues that, even if Ms. Cates can show that there was an unreasonably harmful condition on the floor, she cannot show that Dillard had actual or constructive notice of the condition.[7] Dillard points to the testimony of employees that they were not aware of any problem with the floor where Ms. Cates fell.[8] Dillards contends that that there is no evidence regarding how the sign came to be on the floor or how long it had been on the floor.

## Plaintiff's Arguments

Ms. Cates contends that there were two factors that caused her to fall. First, she urges that the floor was unreasonably slick, possibly as a result of the

---

(1) 'Constructive notice' means that the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew or in the exercise of reasonable care should have known, of the condition.

[7] Dillard points to the fact that the plaintiff has alleged differing versions of her accident. In her original complaint, she claimed the floor was wet, in her deposition she claims the floor was not wet but slick, and in her supplemental and amended complaint, she claims she stepped on the warning sign which caused her to fall.

[8] Doc. 37, Exhibit 6, p. 6; Exhibit 7, pp. 11-12.

floors having been waxed, which caused her left foot to go out from under her.[9] Second, she contends that her right foot then landed on the "wet floor" sign that had fallen and was laying flat on the floor when she stepped on it in an effort to brace herself.[10]

In support of her first contention that the floor itself was "slick," Ms. Cates offers the testimony of Dillard's floor cleaner, who stated that the floor had been **mopped** just prior to the opening of the store that morning.[11] He also stated that Dillards had a housekeeping manual, but that he had not read it in ten years and was not aware of any policy regarding mopping schedules.[12]

While this evidence might be of some value to prove that the floor was wet, the court notes that Plaintiff's own testimony is that the floor was not wet. Despite being given an opportunity at oral argument, plaintiff has failed to produce any evidence other than her own deposition testimony to show that there was a foreign substance on the floor. Moreover, plaintiff has failed to come forward with any evidence to establish that the "slick" condition was caused by Dillards or had been there for any appreciable period of time.

---

[9] Doc. 34, at 3.

[10] Id., at 4.

[11] Id. at 21.

[12] Id.

In support of the second contention, Plaintiff relies on the opinion of her "safety expert," Michael J. Frenzel, that: (1) the warning sign was placed in such a way that it was not visible on all principal approaches, and (2) prior to the accident, someone had caused the sign to be knocked over such that it was laying flat on the ground. Mr. Frenzel testified that based on the original placement of the sign, it was foreseeable that this would happen.

The court agrees with defendant that this argument is insufficient to defeat summary judgment. Plaintiff has no evidence to show that the sign was on the floor for any appreciable amount of time before Plaintiff stepped on it.[13] At best, plaintiff has an eyewitness, Mr. Duvic, that saw the flattened sign on the floor a "split second" before Plaintiff stepped onto it. Plaintiff lacks underlying evidence to support the opinion of her safety expert. His opinion is based upon speculation as to where the sign was originally placed and how and when it came to rest on the floor.

Plaintiff's counsel, at oral argument, urged that Defendant's lack of procedures for checking on the signs constituted evidence of constructive notice of the danger.

---

[13] In the analogous case of <u>White v. Wal-Mart Stores, Inc.</u>, 699 So.2d 1081 (La. 9/9/97), the Supreme Court of Louisiana addressed the issue of constructive notice, holding that "to prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care."[13] In explaining the temporal element, the court further stated that:
> [t]hough there is no bright line time period, a claimant must show that 'the condition existed for such a period of time...' Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.[13]

However, La. R.S. 9:2800.6(B)(3) specifically provides that "the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care." In this case, plaintiff's evidence boils down to a lack of safety procedure. Under the express terms of the statute, this is not enough to overcome defendant's motion for summary judgment.

For the foregoing reasons, the motion[14] by Dillards for summary judgment is hereby GRANTED and this case shall be dismissed.

Baton Rouge, Louisiana, November 17th, 2009.

JAMES J. BRADY, JUDGE

MIDDLE DISTRICT OF LOUISIANA

---

[14] Doc. 30.